UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-25-P-H |
| | ) | |
| DENNIS FRIEL, | ) | |
| DEFENDANT | ) | |

ORDER ON PENDING MOTIONS AND
NOTICE CONCERNING DEFENDANT'S RECENT FILINGS

The defendant Dennis Friel has filed various pretrial motions. I rule on the motions as follows:

*1. Motion for Rearraignment and a Rehearing on the Accused's Detention Hearing Pursuant to Rule 58(3)(A)&(B)* (Docket Item 97). The motion is **DENIED**. Fed. R. Crim. P. 58 has no bearing upon the felony charges the defendant is facing. He was arraigned under Fed. R. Crim. P. 10. Since he entered a not guilty plea, there was no requirement that an Article III judge take the plea. See United States. Smith, 424 F.3d 992, 999 (9th Cir. 2005) (finding Rule 10 satisfied when magistrate judge accepted "not guilty" plea at arraignment); Carter v. United States, 388 F. Supp. 1334, 1338 (D.C. Pa. 1975) (same), aff'd, 517 F.2d 1397 (3d Cir. 1975).

    ***2.    Letter motion to reopen detention hearings under T18-3142(f)(2)(B)*** *(Docket Item 79).* The motion is **DENIED**. The defendant has presented no new evidence that would justify changing the original detention decisions. He argues that he is facing only five years imprisonment under each of his federal charges. That is incorrect. 18 U.S.C. § 924(a)(2) (2000) provides a ten-year penalty for violation of 18 U.S.C. § 922(g), the charge in Count One. 21 U.S.C. § 841(b)(1)(D) provides a ten-year penalty for the marijuana offense charged in Count Two if the defendant has a prior conviction for a felony drug offense. The defendant has a prior felony drug conviction (1998) in this Court.

    ***3.    Motion to Disqualify Magistrate Cohen From Any and All Further Proceedings*** *(Docket Item 96).* The motion is **DENIED**. Local Rule 157.1 gives the Magistrate Judges in this District the authority allowed by federal statutes. Under 28 U.S.C. § 636(b)(1) (and other provisions of law), Judge Cohen is authorized to conduct all the proceedings he has conducted in this case, *without* the consent of the defendant. Consent is provided only for certain civil proceedings, 28 U.S.C. § 636(c), but this is not a civil proceeding.

    ***4.    Motion to Dismiss this Matter for All the Dirty Tricks Used on the Part of the Government and Magistrate Cohen*** *(Docket Item 102).* The motion is **DENIED**. This motion purports to make the same arguments as the defendant has made in the Court of Appeals in his reply brief. According to that

document, the "dirty tricks" were: the government's use of statements that the defendant made in a so-called "Discovery House application" as evidence at the detention hearing, Appellant Br. ¶¶ 11, 13, United States v. Friel, No. 06-1827 (1st Cir. June 13, 2006); listing his offenses going back 38 years, id. ¶ 12; stating that he was violated for drugs without adding that he was re-released without a change in bail, id. ¶ 15; asserting that the defendant has a history of drug distribution whereas he says that he was convicted only once, in 1998, id. ¶ 18; the government's "tactics to buffalo this honorable Court into thinking that because the Accused hasn't been on drugs for the last two months that this should cause concern for the safety of the community because 'drugs mellow him out,'" id. ¶ 20; use of Judge Cohen's statement at the detention hearing that "the evidence against him is strong," id. ¶ 27.  None of those, alone or in combination, are grounds for dismissal.

\* \* \* \* \*

The defendant Dennis Friel is proceeding *pro se*.  The Supreme Court has determined that he has a constitutional right to do so.  Faretta v. California, 422 U.S. 806, 836 (1975).  But this Court, acting through Judge Cohen, has appointed standby counsel to assist the Court, a procedure permitted by Faretta. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("Faretta rights are . . . not infringed when standby counsel assists the *pro se* defendant . . . .").  The

3

defendant is unhappy with the appointment of standby counsel and, as the record reflects, see Ex Parte Mot. to Withdraw as Standby Counsel at 1 (Docket Item 66), has made efforts to get rid of the standby counsel. But that is not the defendant's choice. The standby counsel is for the Court's benefit. United States v. Gómez-Rosario, 418 F.3d 90, 99 (1st Cir. 2005) ("A court may appoint standby counsel even over the defendant's objections."). The defendant is also unhappy that he has been detained pending trial. He does not agree with the federal standard of safety to the community as Judge Cohen and I have interpreted it in light of his past behavior. He has appealed our detention rulings to the Court of Appeals for the First Circuit, as is his right. He also maintains that his incarceration makes it very difficult to represent himself and that he has insufficient access to legal materials. Local jails at which federal detainees are kept pending federal trial certainly are not equipped as full-fledged law libraries. That is still another reason why this Court has appointed standby counsel. Standby counsel has been instructed to provide to the defendant copies of any legal materials he requests, so that the defendant can prepare his defense. But the defendant chooses not to avail himself of that opportunity. Instead, he uses his difficulties in accessing legal materials as a reason he should be released pending trial. See, e.g., Am. Appeal of Detention Order at 1 (Docket Item 27) (arguing that he "is unable to work on his case nearly as efficiently in jail as he

4

would be free on bail."). Choosing to proceed *pro se* is not a "get out of jail free" card for someone who is properly detained pending trial. If the defendant wants to prepare his defense, he would be well advised to request necessary legal materials from standby counsel.

Finally, I observe that the defendant has begun making anti-Semitic utterances against Judge Cohen:

> You're halfway intelligent, we have the same God (YHVH) yet we are worlds apart when it comes to "The Rule of Law" and "Fundamental Fairness." As YHVH has said many many times in your own scripture . . . you Jews are stiffnecked & rebellious people!

Letter from Dennis Friel to Magistrate Judge Cohen (filed June 9, 2006) at 4 (Docket Item 78) (emphasis original).

> I can't have Magi [sic] Cohen act on any more of my motions or anything I have going—ever. If I show up & he's on the bench I'm just gonna have the Marshalls recuff me & take me back. . . . but before I leave I'll make certain he'll never want to act on my stuff again . . . . I don't know what it is (other than his "stiffnecknessed" [sic]) about him but he just can't wait to deny deny deny everything I want and need.

Letter from Dennis Friel to Judge Hornby (filed June 14, 2006) at 2 (Docket Item 84) (emphasis original). The latter statement is also a thinly veiled threat to behave in contempt of court in Judge Cohen's presence. I will not tolerate either anti-Semitism or any contemptuous behavior. Any further documents that the defendant sends to the Court that contain anti-Semitic utterances will be

**STRICKEN IN THEIR ENTIRETY**.  And I will not hesitate to hold the defendant Friel in contempt of court if he chooses to act contemptuously before me or Judge Cohen. In light of the defendant's anti-Semitic remarks and his deluging the court with filings and correspondence (more than 30 in total over the last 3 months, 8 of those in the last week), I am seriously considering requiring the defendant to submit all his filings to his standby counsel for screening before they are filed, as permitted by the First Circuit.  See Gómez-Rosario, 418 F.3d at 99 (affirming district court's order that all submissions by *pro se* defendant be "filtered and approved" by standby counsel, where the defendant submitted numerous "long, confusing, contradictory [and] merit[less]" filings, some of which were merely "rants directed at the district court and attorneys for both sides").  That remains an open option that will be determined by the defendant's behavior.

**SO ORDERED.**

**DATED THIS 29TH DAY OF JUNE, 2006**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**