# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 06-25-P-H |
| | ) | |
| DENNIS FRIEL, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S LETTER REQUEST
## FOR A PROCEDURAL RULING

The defendant Dennis Friel has filed an 8-page single spaced handwritten letter.  In it, there appears to be one request for a court ruling.  The defendant states:

> It's also <u>more</u> than <u>obvious</u> that you fully intend to deny my motion to suppress, your statement on page 26 lines 4-8 make it <u>very obvious</u> of your intentions . . . "and then we'll have a hearing on your motion to suppress (lines 4 & 5) . . . "and a decision on that <u>before</u> <u>your</u> <u>TRIAL</u>" <u>Get</u> it? (again—no <u>rocket</u> <u>scientist</u> needed) I see that no matter <u>how</u> <u>many</u> wrongs against me and my rights have been committed you are going to <u>deny</u> my motions and continue on to trial!

> I can't have "exparte" meetings with you like Darcie [McElwee, AUSA] & and whoever <u>else</u> in this conspiracy can . . . and <u>does</u> . . . so I'm making this a formal question (as if I was <u>there</u>) Are you going to deny me my defense that the government can't <u>break</u> the law to <u>uphold</u> the law? If you don't throw this letter out & don't avoid making this part of the record this is a <u>formal</u> <u>request</u> for an answer from you—in a court order will do—on whether or not you are going to deny me my right to a

> defense. That <u>is</u> a defense you know but you denied me that
> defense before so let me know if you are going to again—via a
> court order. I can present it as a motion or you can simply have
> the Clerk send me your order on it.

Letter from Dennis Friel to Judge Hornby dated June 29, 2006 (docketed July 6, 2006) at 6-7 (Docket Item 106) (emphasis original).

First, my statement that there would be a hearing and a decision on the defendant's motion to suppress before trial was in no way any comment about the merits of his motion.  Trials can go forward even after a defendant's motion to suppress evidence is granted, because the government may have other, unsuppressed, evidence sufficient to make its case.  All I was telling the defendant was that he was entitled to a decision on his motion to suppress before there would be any trial.  <u>See</u> Detention Hr'g Tr. 25:19-26:8, May 12, 2006 (Docket Item 62).  Other statements I made in the same hearing confirm this. <u>See</u>, <u>e.g.</u> <u>id</u>. 4:13 (explaining need for standby counsel "<i>if</i> this case goes to trial") (emphasis added).

Second, I do not hold <i>ex parte</i> meetings with the prosecutor.  I have told the defendant that before, in open court.  <u>See</u> <u>id</u>. 3:23 ("Ms. McElwee does not have [general] ex-parte access to me . . . ").  I should not need to tell him again.

Third, I do not know what the defendant means by his question as to whether I am going to deny him his "defense."  If he is referring to his promised motion to suppress in which he apparently will claim that the warrant was

insufficient, see id. 24:17-19 (defendant discussing "motion to suppress because of the flaws in the warrant and the affidavit for the warrant"), I will consider his motion on its merits on the facts and the law, and then rule accordingly.  I have not prejudged the motion.  If he is referring to a previous trial before me years ago where I ended his *pro se* closing argument because he would not refrain from explicitly urging jury nullification, I will do the same again if he misbehaves in similar fashion.  See United States v. Alston, 112 F.3d 32, 36 (1st Cir. 1997) ("The defendant cannot ask the jury to nullify the law . . . ."); Scarpa v. DuBois, 38 F.3d 1, 11 (1st Cir. 1994) ("[D]efense counsel may not press arguments for jury nullification in criminal cases . . . .").

SO ORDERED.

DATED THIS 6TH DAY OF JULY, 2006

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3