UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-25-P-H |
| ) | |
| DENNIS FRIEL, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM DECISION AND ORDER
ON MOTIONS TO COMPEL PRODUCTION AND
RECOMMENDED DECISION ON MOTION TO DISMISS

Dennis Friel, charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) and one count of possession with intent to distribute less than fifty kilograms of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), *see* Indictment (Docket No. 1), moves to compel the government to disclose certain information, *see* Motion To Get Government's Witness List and Proposed Witnesses['] Statements ("Motion/Witnesses") (Docket No. 88); Motion To Get All Grand Jury Information ("Motion/GJ Information") (Docket No. 89); Motion To Compel Government To Disclose Any Disclosures of the Grand Jury to Anyone for Any Reason ("Motion/GJ Disclosures") (Docket No. 91); Motion for Provision to the Accused of the Number of Concurring Grand Jurors in His Indictment Pursuant to Rule 6(c) ("Motion/GJ Numbers") (Docket No. 100), and to dismiss the indictment on the basis of asserted grand-jury irregularities, *see* Motion To Dismiss the Indictment Pursuant to Rule 6(b)(1)(2) Due to an Illegally Drawn, Summoned or Selected Grand Jury, or Legal Qualification of a Grand Juror ("Motion To Dismiss") (Docket No. 95). For the reasons that follow, I grant in part and deny in part

the Motion/GJ Information, deny the Motion/Witnesses, Motion/GJ Disclosures and Motion/GJ Numbers, and recommend that the Motion To Dismiss be denied.

## I. Discussion

1.  Motion/Witnesses:  The defendant seeks compelled production of both the government's witness list and proposed witness statements. *See* Motion/Witnesses. The motion is denied. Neither Federal Rule of Criminal Procedure 16 (which is cited by the defendant, *see* Motion/Witnesses) nor any other authority affords a criminal defendant a pretrial right to discover the government's witness list in a non-capital case. *See, e.g.*, Fed. R. Crim. P. 16(a); *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989) ("The government is not required to provide a defendant with a list of all prospective government witnesses."); *United States v. Porter*, 850 F.2d 464, 465 (8th Cir. 1988) ("The government is not required to give the defendant in a noncapital case a list of its witnesses."); *United States v. Hutchings*, 751 F.2d 230, 236 (8th Cir. 1984) ("Neither Fed.R.Crim.P. 16(a), governing information subject to disclosure by the Government in criminal cases, nor any other federal rule or statute requires the Government to supply names of potential witnesses to a criminal defendant in a non-capital case.").

With respect to witness statements, the government has acknowledged its obligation to provide Jencks Act statements at the appropriate time. *See* Government's Objection to Defendant's Motion To Get Government's Witness List and Proposed Witness Statements, etc. (Docket No. 111) at 2; *see also, e.g., United States v. Houlihan*, 92 F.3d 1271, 1288 (1st Cir. 1996) ("The Jencks Act provides criminal defendants, for purposes of cross-examination, with a limited right to obtain certain witness statements that are in the government's possession. That right is subject to a temporal condition: it does not vest until the witness takes the stand in the government's case and completes his direct testimony. It is also subject to categorical, content-based restrictions delineated in the statute[.]")

(citation omitted).  I expect that the government also will honor its obligation to produce, in a sufficiently timely fashion for the defendant effectively to prepare and present his case, any so-called *Brady* and *Giglio* materials.  *See, e.g., United States v. Villarman-Oviedo*, 325 F.3d 1, 13 (1st Cir. 2003) (discussing timing of disclosure of *Brady*, *Giglio* materials); *United States v. Kinsella*, 380 F. Supp.2d 7, 10 (D. Me. 2005) (noting government's obligation, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to produce to a criminal defendant "evidence favorable to an accused where the evidence is material either to the guilt or to punishment, including evidence affecting credibility") (citations and internal punctuation omitted).  The defendant has not demonstrated a compelling need for the requested witness statements at this time.

       2.      <u>Motion/GJ Information</u>:  The defendant requests "all" grand-jury information, with a view toward challenging the array and qualifications of the grand jury.  *See* Motion/GJ Information.  The motion is granted to the extent it concerns the jury-selection records used to empanel the grand jury that indicted the defendant, namely completed juror questionnaires of jurors summoned for said grand jury, which the government concedes the defendant is entitled as of right to inspect pursuant to 28 U.S.C. § 1867(f).  *See* Government's Consolidated Response to Defendant's Motions Regarding Grand Jury, etc. ("Response/GJ") (Docket No. 113) at 2-3 & n.1.  As the government suggests, fulfillment of this request presents logistical difficulties in view of the defendant's *pro se* status and detention.  *See id*. at 3 & n.1.  Accordingly, as requested by the government, *see id*., the foregoing materials shall be provided to standby counsel Robert Ruffner to review with the defendant.[1]

---

[1] These materials may be reproduced and/or left with the defendant only to the extent used by him in the preparation and during the pendency of a new motion pursuant to 28 U.S.C. § 1867(a) to dismiss the indictment or stay proceedings against him on the ground of substantial failure to comply with statutory grand-jury-selection provisions.  The defendant is admonished to be particularly mindful of the last sentence of section 1867(f), which section reads in its entirety as follows: "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service.  The parties in a case shall be allowed to inspect, reproduce, and copy (*continued on next page*)

The motion is otherwise denied, the defendant having failed to make the requisite showing of particularized need to access grand-jury-related information other than that he is entitled to inspect as of right. *See, e.g., United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995) (party requesting names of individual grand jurors on panel that indicted him, or secret grand-jury minutes, must make "a strong showing of particularized need") (citation and internal quotation marks omitted); *United States v. Causey*, Criminal No. H-04-025, 2004 WL 1243912, at *15 (S.D. Tex. May 25, 2004) (defendant was entitled as of right to inspect juror-qualification questionnaires used to assemble qualified wheel from which grand jury was selected but not the questionnaires returned by individuals who had served or were then serving as members of that grand jury); *United States v. Swan*, No. CRIM. 03-36-01-B, 2003 WL 21799915, at *2 (D.N.H. July 22, 2003) (defendant's request for grand-jury information denied insofar as he sought personal information and specific votes of grand jury that indicted him, without prejudice to renewal of motion if defendant could make "a particularized showing as to why the names and specific votes of the grand jury that indicted him [are] necessary to challenge the jury selection process").[2]

3.   <u>Motion/GJ Disclosures</u>:   The defendant next moves to compel the government to disclose any disclosures made of any dealings with the grand jury to anyone at any time. *See* Motion/GJ Disclosures. The motion is denied. Federal Rule of Criminal Procedure 6, on which the

---

such records or papers at all reasonable times during the preparation and pendency of such a motion. *Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.*" 28 U.S.C. § 1867(f) (emphasis added).

[2] A showing of "particularized need" to lift the veil of grand-jury secrecy entails the provision of more than speculation or conclusory allegations that the grand-jury process was flawed. *See, e.g., United States v. Demarey,* No. 95-1083, 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996) ("Defendant has not identified anything in the record that suggests that there were any irregularities in the grand jury proceedings. He merely suggests that the proceedings *could have been* tainted. However, mere allegations of improper procedure without any facts supporting those allegations are not enough to demonstrate particularized need.") (citation omitted) (emphasis in original); *United States v. Troutman*, 814 F.2d 1428, 1453 (10th Cir. 1987) ("The defendant must show a 'particularized need' of information for which the secrecy of the grand jury proceedings should be 'lifted discretely and limitedly.'... A defendant is not permitted to probe aimlessly for conjectured error behind a facially valid indictment.") (citations omitted); *United States v. Bestway Disposal Corp.*, 681 F. Supp. 1027, 1031 (W.D.N.Y. 1988) ("Unspecified allegations of impropriety or mere (*continued on next page*)

defendant relies, *see id*., contemplates disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[,]" Fed. R. Crim. P. 6(e)(3)(E)(ii).  The defendant makes no showing that disclosures made to others regarding grand-jury matters might constitute, or even bear on, grounds for dismissal of the indictment.  *See, e.g., United States v. DeGroote*, 122 F.R.D. 131, 133, 135-36 (W.D.N.Y. 1988) (rebuffing criminal defendant's request to discover, *inter alia*, "a list, if any, of the names of personnel who had access to any grand jury information underlying this prosecution" on basis defendant offered conclusory and speculative statements in support of need for information rather than making requisite particularized showing of need).

    4.    <u>Motion/GJ Numbers</u>:  The defendant next moves, pursuant to Federal Rule of Criminal Procedure 6(c), to compel the government to disclose to him the number of grand jurors who concurred that he should be indicted.  *See* Motion/GJ Numbers.  The motion is denied.  Rule 6(c) provides, in relevant part: "[T]he record [of the number of grand jurors concurring in every indictment] may not be made public unless the court so orders."  Fed. R. Crim. P. 6(c).  Courts have construed this provision to incorporate the "particularized showing of need" standard, denying defendants' requests for tallies of grand-juror votes absent that showing.  *See, e.g., United States v. Deffenbaugh Indus., Inc*., 957 F.2d 749, 757 (10th Cir. 1992); *United States v. Lang*, 644 F.2d 1232, 1238 (7th Cir. 1981); *United States v. Enigwe*, 17 F. Supp.2d 390, 393 (E.D. Pa. 1998), *aff'd*, 248 F.3d 1131 (3d Cir. 2000).  "Conclusory or speculative allegations about what went wrong in a grand jury proceeding" – which are all that the defendant offers here, *see* Motion/GJ Numbers – do not suffice to merit lifting the veil of grand-jury secrecy.  *Enigwe*, 17 F. Supp.2d at 393 (citation and internal quotation marks omitted).

---

speculative assertions are insufficient to outweigh the policy of grand jury secrecy or to overcome the heavy burden on the moving (*continued on next page*)

5

The government nonetheless volunteers that it has no objection to use of a procedure described in *Deffenbaugh* whereby the court performs an *in camera* review of the record of the grand jury's vote to indict and then informs the defendant whether twelve or more grand jurors concurred in the indictment. *See* Response/GJ at 5-6; *Deffenbaugh*, 957 F.2d at 757 ("[W]hen there is a dispute regarding the number of grand jurors voting to indict, the proper procedure is for the court, after an in camera review of the record, to advise the defendant only that 12 or more jurors concurred in finding the indictment, and *not* to reveal the exact number concurring, in order to preserve the secrecy provided by Rule 6.") (citation and internal quotation marks omitted) (emphasis in original). I have examined *in camera* the grand-jury voting record in this case and am satisfied, and affirm to the defendant, that twelve or more grand jurors concurred in returning both counts of the indictment against him.

5.   <u>Motion To Dismiss</u>:   The defendant also moves to dismiss the instant indictment pursuant to Federal Rule of Criminal Procedure 6(b)(1)-(2), addressing grand-jury irregularities. *See* Motion To Dismiss. I recommend that this motion be denied. Pursuant to Rule 6(b)(2) and 28 U.S.C. §§ 1867(a), (d) and (e), such motions must be "accompanied by a sworn statement of facts which, if true, would constitute a substantial failure to comply with" statutory provisions regulating grand-jury selection. *United States v. Royal*, 100 F.3d 1019, 1024-25 (1st Cir. 1996) (citation and internal quotation marks omitted). The defendant has accompanied his motion with no such sworn statement; indeed, he is simultaneously moving to compel production of grand-jury information. Accordingly, I recommend denial of his motion to dismiss.

---

defendant.").

## II. Conclusion

For the foregoing reasons, I **GRANT** in part and **DENY** in part the Motion/GJ Information, **DENY** the Motion/Witnesses, Motion/GJ Disclosures and Motion/GJ Numbers, and recommend that the Motion To Dismiss be **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of July, 2006.

> /s/ David M. Cohen
> David M. Cohen
> United States Magistrate Judge