UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| **v.** | ) ) | **CRIMINAL NO. 06-25-P-H** |
| **DENNIS FRIEL,** | ) ) ) | |
| **DEFENDANT** | ) | |

### ORDER ON DEFENDANT'S MOTION TO HAVE PROBATION OFFICER ABIDE BY SUPERVISED RELEASE CONDITIONS

The issue here is whether I should order the Probation Office to permit Dennis Friel to use "medical marijuana" while he is on supervised release. For the reasons that follow, I decline to do so.

#### BACKGROUND

After a jury convicted Mr. Friel of both possession of a firearm by a felon and possession with intent to distribute marijuana, I sentenced him in 2006 to 48 months in prison, followed by a period of supervised release of two years. Friel was released from prison and entered on supervised release on October 2, 2009.

Since his release on supervision, Friel has been attempting, without success, to get permission from his supervising officer to use marijuana. As a result, he filed a motion for clarification and requested a hearing on the Probation Office's interpretation of his terms of supervised release. See Letter

Motion to have Probation Officer Abide by Supervised Release Conditions (Docket Item 260). I conducted such a hearing on March 26, 2010. At the hearing, supervising Probation Officer Bryce Turgeon testified, as did Friel.

## ANALYSIS

Friel has obtained a prescription for marijuana from a Maine physician. He claims that he is entitled to use marijuana both because his existing terms of supervised release permit his use and because Maine recently enacted medical marijuana provisions.

Friel's conditions of supervised release, as I imposed them at the time of sentencing in 2006, have three provisions that bear upon his request.

The first states:

> The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

Judgment, Supervised Release at 3 (Docket Item 243). Under federal law, marijuana is a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). The second provision, appearing as number 7 under "Standard Conditions of Supervision," states:

> The defendant . . . shall not purchase, possess, use, distribute or administer any controlled substance . . . except as prescribed by a physician.

Id. The third provision, appearing as number 1, under "Additional Supervised Release Terms," states:

> Defendant shall not use or possess any controlled substance . . . .

2

Id. at 4.  Friel focuses on the second, Standard Condition 7, containing the language "except as prescribed by a physician," and says that now he has such a prescription and should be allowed to use.  When I imposed that restriction and the other conditions in 2006, however, neither federal law nor Maine law permitted physicians to prescribe marijuana.  Federal law still prohibits the medical use of marijuana with or without a prescription.  Obviously, then, in sentencing Friel, I did not envision his having the ability to use marijuana while on supervised release.  Any apparent inconsistency among the three provisions results solely from the recent change in Maine law.

Setting aside for the moment any conflict between Maine law and federal law, Friel is not an appropriate candidate for using marijuana while under supervision, even if it is legal.  One Count of the underlying conviction was possession with intent to *distribute*.  In other words, Friel poses a substantial risk of distributing marijuana, illegal under both federal and Maine law.  What is more, Friel has previously been convicted of drug dealing in this court.  In 1998, I sentenced him to prison for possession with intent to distribute heroin.  See United States v. Friel, No. 2:97cr72 (Docket Item 75).  Still another factor that gives me concern about Friel's willingness to conform his conduct to the law is that I also sentenced him in 1992 to prison for two counts of being a felon in possession of a firearm, yet he was convicted again of that crime in 2006.  See United States v. Friel, No 2:92cr27.

Thus, even if marijuana could now legally be used for medicinal purposes, I would not permit Friel to use it in light of the drug trafficking risk

3

he poses. It is not uncommon for people on supervised release to be restricted from activities that are legal for the rest of the population. For example, Friel is prohibited from using alcohol or any intoxicant; and he is prohibited from possessing firearms, things that law-abiding citizens are entitled to do.

Friel complains of back pain and says that marijuana is the most effective way to address it. But he is also able to obtain a legal prescription for Marinol and, as he testified, it does a better job of alleviating his pain than he expected.

I therefore find it unnecessary to address the tension between Maine law and federal law in this case. I observe only the following. It is still illegal to prescribe marijuana under federal law because federal law does not recognize any medical use for a Schedule I controlled substance like marijuana.[1] The United States Supreme Court recently upheld the supremacy of federal law on this subject in the context of California's medical marijuana law. Gonzales v. Raich, 545 U.S. 1, 29-30 (2005); see also Monson v. Drug Enforcement Admin., 589 F.3d 952, 963-64 (8th Cir. 2009). I am aware that the United States Attorney General has said that prosecutors have some discretion in deciding whether to prosecute such cases in states that have medical marijuana laws. Department of Justice Press Release, Attorney General Announces Formal Medical Marijuana Guidelines (October 19, 2009)

---

[1] Because it is a Schedule I drug, the manufacture, distribution, or possession of marijuana is a criminal offense. The single exception available is the use of the drug as part of a government-approved research project. 21 U.S.C. §§ 823(f), 841(a)(1), 844(a); see also United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 490 (2001).

(http://www.justice.gov/opa/pr/2009/October/09-ag-1119.html) (referencing a copy of the guidelines in a memo from Deputy Attorney General David W. Ogden to Selected United States Attorneys (October 19, 2009), (http://blogs.usdoj.gov/blog/archives/192)). I am also aware that Maine has not yet completed its regimen for distribution of medical marijuana.[2] Whether the United States Attorney General's recognition of some prosecutorial discretion should translate into any flexibility for people under federal supervision by this court's Probation Office can be addressed when Maine's medical marijuana regimen is complete and when a less risky supervisee presents that issue.

The best course for Friel at this time is to conform his behavior to the Probation Office's requirements and complete his term of supervised release without incident. Friel managed without marijuana for the most part[3] while he was in prison. His two years of supervision will expire in October 2011;

---

[2] Friel complains that he attempted to comply with the Maine law by looking for a caregiver on the Internet and that he found one ("in the woods"). But he refused to give the caregiver's name to the Probation Officer and reports that the caregiver does not have a registry identification card. He says that the caregiver applied for one, but never received it, and he relies on the Maine statutory provision that says that after 45 days the registry identification card shall be deemed granted. 22 M.R.S.A. § 2429(2). But that provision also says that then the application serves as a valid registry identification card and Friel admits that he never saw the application. He excuses that omission because he says that the caregiver told him that the State has his application (apparently he did not keep a copy). During all this, Friel also started to grow his own marijuana, an alternate avenue under state law. 22 M.R.S.A. § 2423(1). But then, he says, he uprooted his plants just short of maturity as a result of the Probation Officer's home visit. That visit also revealed a "roach," demonstrating that Friel was already using marijuana despite lack of permission from the Probation Officer. Friel recounts all this as demonstrating his good faith attempt to comply with Maine law. But in light of what I have said in text about my unwillingness to allow Friel to be a candidate for medical marijuana, it is irrelevant.

[3] His testimony suggested that he might have occasionally had access to marijuana in prison.

5

releasees who are fully compliant often secure early termination, a worthy goal for Friel.

**SO ORDERED.**

**DATED THIS 29TH DAY OF MARCH, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE**